O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY YVETTE C., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] <br><br> Defendant. | Case No. 5:18-cv-01590-KES <br><br> MEMORANDUM OPINION AND ORDER |

**I.**

**BACKGROUND**

Plaintiff Tracey Yvette C. ("Plaintiff") applied for Social Security Disability Insurance Benefits ("DIB") in May 2014 alleging that she became unable to work on September 16, 2013. Administrative Record ("AR") 222-28.

On March 3, 2017, an Administrative Law Judge ("ALJ") conducted a hearing at which Plaintiff, who was represented by counsel, appeared and testified, as did a vocational expert ("VE"). AR 63-111. On March 24, 2017, the ALJ issued an unfavorable decision. AR 17-29. The ALJ found that Plaintiff suffered

---

[1] Effective November 17, 2017, Ms. Berryhill's new title is "Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security."

1

from medically determinable impairments of "an affective disorder, an anxiety disorder, and a trauma or stressor-related disorder []." AR 22. Despite these impairments, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform work at all exertional levels with the following non-exertional restrictions:

> [She] is limited to performing simple routine work, consisting of one to two-step assignments for up to two-hour intervals during a regular workday; she is limited to simple work-related decisions; and she can have frequent interaction with coworkers and supervisors; no interaction with the public.

AR 23.

Based on the RFC analysis and the VE's testimony, the ALJ found that Plaintiff could not do her past relevant work, but could work as a polisher, Dictionary of Occupational Titles ("DOT") 761.684-026. AR 27-28. The ALJ concluded that Plaintiff is not disabled. Id. at 28.

## II.
## ISSUES PRESENTED

Issue One: Whether the ALJ properly resolved the conflict between the DOT (which says the polisher job requires level 2 reasoning) and the VE's testimony that a hypothetical worker with Plaintiff's RFC (i.e., limited to "one to two-step assignments") could work as a polisher.

Issue Two: Whether the ALJ properly considered the opinion of the state agency medical sources.

(Dkt. 22, Joint Stipulation ["JS"] at 4.)

## III.
## DISCUSSION

**A. ISSUE ONE: Conflict between the VE's Testimony and the DOT.**

A job's level of simplicity is addressed by its DOT general educational

development ("GED") rating for reasoning development. The GED reasoning scale ranges from level 1 (simplest) to level 6 (most complex). The DOT defines the reasoning abilities corresponding with each of the first three levels, as follows:

> Level One: Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.
>
> Level Two: Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.
>
> Level Three: Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

See DOT, App. C, 1991 WL 688702.

Plaintiff argues that because the RFC assessed by the ALJ limited her to one- or two-step assignments, it limited her to jobs requiring level 1 reasoning; this conflicts with the conclusion that Plaintiff can work as a polisher, which requires level 2 reasoning. (JS at 5.) Plaintiff argues that the ALJ erred in failing to identify and resolve this conflict, citing Rounds v. Comm'r SSA, 807 F.3d 996 (9th Cir. 2015). (JS at 5-6.) In Rounds, the RFC limited the claimant to "one to two step tasks," but the VE testified that she could perform work requiring level 2 reasoning. Id. at 1003. The Ninth Circuit found an "apparent conflict" that was explained neither by the ALJ nor the VE and remanded the case so that the ALJ could "determine whether there is a reasonable explanation to justify relying on the VE's testimony." Id. at 1004.

The Commissioner argues that Rounds is distinguishable because Ms. Rounds' medical records showed that she was more cognitively impaired than

Plaintiff. (JS at 9.) According to the Commissioner, "there is no medical evidence in the record supporting a conclusion that Plaintiff had diminished cognitive or reasoning ability that would preclude her from performing work at the reasoning level 2." (Id.) This argument fails, because the ALJ limited Plaintiff to work assignments requiring only one- or two- steps, i.e., work consistent with reasoning level 1, but not reasoning level 2. The Commissioner is essentially arguing that the RFC is erroneous. Following Rounds, the Commissioner's argument does not demonstrate that the VE's failure to explain the apparent conflict was harmless error.

## IV.
## CONCLUSION

For the reasons stated above, IT IS ORDERED that the decision of the Commissioner shall be REVERSED and the case REMANDED for further administrative proceedings consistent with this opinion. On remand, the ALJ may wish to address the claimed error raised in Issue Two.

DATED: April 11, 2019

*/s/ Karen E. Scott*

_____
KAREN E. SCOTT
United States Magistrate Judge